# IN THE UNITED STATES ~~BANKRUPTCY~~ COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

### 06/22/1026

FILED

JUN 2 2 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

**In re:**

<u>Heart 2 Heart Volunteers Inc.</u>    **Bk. Number: 5:25-BK-00087**
**Debtor's Name**

5: 26-CV-114

<u>Sharon "Marie" Travis</u>
**Appellant's Name**

**v.**

<u>Deborah Fish -Ombudsman</u>
**Appellee's Name**

### STATEMENT OF ISSUES ON APPEAL OF

1.  Whether the court erred in a matter of law by not addressing the motion stating the fact concerning the ombudsman's missing 6 reports from the record. The Ombudsman's missing report is a due process violation, denying the material evidence to be a part of the record. Whether the judge therefore made decisions on an incomplete record. Whether the judge failed to make findings of fact regarding core allegations of the PCO purposely remitting the report to conceal evidence in bad faith. Whether the courts made a rational connection between facts found and the choices made. Whether the court omitted the evidence from its findings, and failed to evaluate whether cause existed to remove the POC. The court mentions the Ombudsman is tasked with reporting at least every 60 days. See Rule 11U.S.C.333(2)(b). Whether the court did not conclude that the failure to report her missing 6 reports was a Breach of patient

advocacy and monitoring roles and failing to file violates core Statutory Bankruptcy code 11U.S.C. § 333. A breach of court–appointed fiduciary duties

2. Whether the court committed a reversible error by failing to rule on the merits of the entire motion to remove and/or replace the Ombudsman. Whether the court only addressed the "removal" request of the Ombudsman and ignored the "replacement" aspect of the Ombudsman was a denial of due process, a miscarriage of justice, and whether the court abused its discretion by completely bypassing a substantive portion of the legal argument. Whether the court left the ruling on only a fraction of the motion to replace completely left the rest unaddressed and unresolved.

3. Whether the court committed an error by misinterpreting and fundamentally misapplying the Congressional intent behind the POC provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act. The Court stated in its denial of the motion that a patient care ombudsman has discretion on what matters are relevant and necessary to report to the court, which essentially shields the POC from Mandatory reporting; refer to 11U.S.C section 333. Whether ignoring evidence showing unreported abuse to shield employee misconduct and evidence that intentionally suppressed active allegations of patient harm. Whether the court committed an error of law concerning Mandatory Reporting laws that override discretion. Whether the court failed to consider the facts presented in the motion, thereby entering a judgment without evaluating whether elements of the claim were met.

4. Whether the judge erred in law under the Federal Rule of Evidence 801(c) using the Ombudsman's uncross-examined reports to make major decisions (Making false allegations that led to the loss of her standing as the debtor) that were based mostly on hearsay. Whether the court allowed a due process violation and the due process rights were violated because they were denied the ability to challenge the report's credibility

or uncover underlying biases. Whether the court allowed the ombudsman to overstep her role and act as a shadow decision-maker, advocating for specific actions rather than serving as an objective, neutral investigator, as evidenced in the motion and timeline. Whether the judge erred in using the weight of the ombudsman's unvetted and uncross-examined reports that led to the removal of the former founder and debtor.

5.  Whether the Court commits an error of law when stating that the ombudsman is a neutral and disinterested party, and failed to address the correct legal standard. Calling the disinterested party as though they cannot be biased. Whether the court refuses to enforce the PCO statutory duties, whether the court refused to address specific documented evidence concerning impartiality outside her authorized scope, abuse of process, breach of Duty/Misconduct, and committed bankruptcy Fraud constitutes a violation of the right to have matters properly adjudicated. Whether the judge therefore failed to perform their duty of protecting the estate's most vulnerable patients.

6.  Whether the judge refused to review evidence of abuse, and complaints made by patients in the motion addressing the alleged false 7th report. Believed to have defrauded the court by falsifying her report, intended to mislead the court regarding the trustee's succession and documented in the motion, the patients during that time period in the motion that contradicted the false report.

7. Whether the judge made a factual error. The Court mentions that it has been some time since the appointment of the Trustee, Ms. Travis has been terminated from her role with the Debtor, and that relations between Ms. Travis and the current administration of the estate have substantially deteriorated as a result. Statement of issues: Did the judge rightly state the timeframe of the evidence presented and the statement made on the time that has passed since the appointment of the trustee when the last when her last report was March 27th 2026, and Sharon Travis was put on leave 3 days later and terminated on May 1st 2026?

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF WV

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**IN RE: Heart 2 Heart Volunteers Inc. dba Serenity Hills Life Center**   JUN 22 2026
**Case No.: 5:25-BK-00087**
**Chapter: 11**

Time: **2:35** am/pm

## APPELLANT'S DESIGNATION OF RECORD ON APPEAL

**PLEASE TAKE NOTICE that the Appellant, Sharon Travis, designates the following documents from the Bankruptcy Court's docket to constitute the record on appeal:**

| Docket No. | Date Filed | Document Description |
|---|---|---|
| 1 | 2/27/25 | **Chapter 11 Voluntary Petition** |
| 12 | 3/3/2025 | Application for order for employment of Bernstein and Burkley |
| 13 | 3/3/2025 | Proposed order approving counsel by Kirk Burkley |
| 53 | 3/12/25 | Motion to waive the Ombudsman |
| 54 | 3/12/2024 | Proposed order of motion to waive ombudsman |
| 103 | 3/31/2025 | Order to continue evidentiary hearing |
| 107 | 4/2/2025 | Order appointing Health Care Ombudsman |
| 113 | 4/11/2025 | Notice of appearance by Deborah Fish by Deborah Fish |
| 126 | 5/15/2025 | Ombudsman 1st report period 4/4/2025 through 5/13/2025 |
| 128 | 6/16/2025 | Motion to extend period for filing Chapter 11 Plan |
| 133 | 7/10/2025 | Order granting Motion to extend Chapter 11 plan. |
| 135 | 7/17/2025 | Ombudsman 2nd report for the period 5/15/2025 through 7/16/2025 |
| 139 | 9/17/2025 | Ombudsman 3rd report from 7/15/2025 through 9/17/2025 |
| 144 | 10/27/2025 | Second Motion to extend Exclusive Period for filing a Chapter 11 Plan |
| 148 | 10/28/2025 | Motion to extend Exclusivity period; objection due by 10/28/2025 |
| 157 | 11/10/2025 | Objection and response by Ombudsman to the extension |
| 160 | 11/21/2025 | Objection 4th Report period 9/17/2025 through 11/17/2025 |
| 168 | 11/25/2025 | Audio File conference on extension (Transcribed) |
| 170 | 11/26/2025 | Order Granting motion to extend to January 26th and plan March 27th 2026. |
| 174 | 12/9/2025 | Ombudsman 5th report for period 11/17/2025 through 12/09/2025 |
| 175 | 12/17/2025 | Expediated Application to employ Meridian Management Partners |
| 176 | 12/17/2025 | Proposed order application to employ |
| 185 | 12/23/2025 | Order authorizing Employment and Retention of Meridian Management Partners. William Frederick as CRO |
| 196 | 1/16/2026 | Expediated hearing, Emergency status |
| 197 | 1/19/2026 | Order to set hearing for expedited hearing |
| 202 | 1/23/2026 | Audio file expedited hearing (documents transcribed) |
| 210 | 2/4/2026 | Motion to appoint a trustee |

| 217 | 2/18/2026 | Audio file ( Transcribed)Court hearing concerning appointment of a trustee |
|---|---|---|
| 218 | 2/18/2026 | Response filed by Tara Singer; motion to appoint trustee |
| 219 | 2/19/2026 | Order Granting Motion to appoint a trustee |
| 227 | 3/5/2026 | Notice of appointment of Robert Johns the trustee |
| 228 | 3/5/2026 | Motion to appoint trustee |
| 233 | 3/12/2026 | Application od Johns and ass |
| 235 | 3/13/2026 | Application filed by trustee |
| 238 | 3/27/2026 | Ombudsman 7th report for periods 1/30/2026 to 3/27/2026 |
| 240 | 4/9/2026 | Application to employ Jackson Kelly, attorneys |
| 246 | 4/24/2026 | Order granting trustee to employ Jackson and Jackson |
| 248 | 5/1/2026 | Motion to submit contradictory evidence |
| 249 | 5/1/2026 | Notice of relief by interested party |
| 258 | 5/4/2026 | Motion to strike testimony |
| 257 | 5/4/2026 | Pro se correspondence on May 1st, Sharon Travis |
| 273 | 5/20/2026 | Motion to remove Ombudsman filed by Sharon Travis |
| 274 | 5/22/2026 | Order denying motion to remove Ombudsman |
| 278 | 5/26/2026 | Ombudsman report for period 3/27/2026 |
| 279 | 5/27/2026 | Objection to motion to compel turnover of property |
| 280 | 5/29/2026 | Order denying motion to submit contradictory |
| 283 | 6/3/2026 | Deborah Fish motion to strike |
| 296 | 6/5/2026 | Motion for expedited hearing |
| 297 | 6/8/2026 | Motion of docketing appeal |
| 306 | 6/16/2026 | Order for Sharon Travis to retrieve |
| | | |

## CERTIFICATE OF SERVICE:

I certify that a copy of this statement of issues on appeal was served,

check one:

_Mail_ or in person _____ on the persons listed below:

by mail Name Address Date Served

**Deborah Fish-   Address: 211 West Suite 705, Detroit, Michigan 48226**

US US Trustee $2025$ US Court house 300 Virginia St E Charleston, WV 25301

Trustee - Robert Johns Turner & Johns, PLLC 808 Greebrier St., Charleston, WV 5311

**Sign your name:**

Sharon "Marie" Travis          6-22-2026

**Print your name:**

Sharon "Marie" Travis