**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**IN RE: HEART TO HEART VOLUNTEERS INC.,**

Debtor,

**SHARON TRAVIS,**

Appellant,

v.

**BK. NO. 5:25-BK-87
CIV. ACT. NO. 5:26-CV-114**
Judge Bailey

**DEBORAH FISH - OMBUDSMAN,**

Appellee,

v.

**UNITED STATES TRUSTEE,**

Intervenor.

## ORDER

Pending before this Court is the United States Trustee's Motion to Intervene [Doc. 5], filed July 2, 2026 (hereinafter, "Motion to Intervene"). On July 8, 2026, appellant Travis filed an Objection and Motion to Deny the Trustee's Motion to Intervene. [Doc. 8].

Also pending before this Court is the United States Trustee's Unopposed Motion for an Order Accepting Under Seal Documents Designated for Inclusion in the Record on Appeal [Doc. 6], filed July 8, 2026 (hereinafter, "Motion to Accept"). Also on July 8, 2026,

appellant Travis filed an Objection and Motion to Deny the United States Trustee's Unauthorized and Untimely Designation of Record and to Declare Appellee's Loss of Right to Designate Due to Timing Default [Doc. 7].

This Court finds that waiting for the Trustee to file replies in support of the aforementioned motions is unnecessary.[1]  Accordingly, the Motions are ripe for adjudication. This Court will address each Motion in turn. For the reasons that follow, both of the Trustee's Motions will be granted, and appellant Travis's Motions in response / Objections thereto will be denied and/or overruled.

## DISCUSSION

### I.    Motion to Intervene

In this Motion [Doc. 5], the Trustee seeks leave of this Court to intervene in these proceedings as an appellee pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure. [Doc. 5 at 1].  The Trustee is seeking intervention as doing so will allow it to participate as a party, which includes the ability to designate the record for appeal, move to dismiss for lack of appellate jurisdiction, and to appeal, if necessary, any adverse decision to the Fourth Circuit. [Doc. 5-1 at 2].

Rule 8013(g) provides the standards by which a person can be granted leave to intervene in a bankruptcy appellate proceeding:

(g) Motion for Leave to Intervene.

---

[1]Both of the Trustee's Motions indicate that they are unopposed by appellee Fish, so awaiting a response from her is also unnecessary.  [Doc. 5 at 1]; [Doc. 6 at 2].

2

(1) Time to File. Unless a statute provides otherwise, an entity seeking to intervene in an appeal in the district court or BAP must move for leave to intervene and serve a copy of the motion on all parties to the appeal. The motion—or other notice of intervention authorized by statute—must be filed within 30 days after the appeal is docketed.

(2) Content. The motion must concisely state:

(A) the movant's interest;

(B) the grounds for intervention;

(C) whether intervention was sought in the bankruptcy court;

(D) why intervention is being sought at this stage of the proceedings; and

(E) why participating as an *amicus curiae*—rather than intervening—would not be adequate.

Fed. R. Bankr. P. 8013(g).

The Trustee contends that it has satisfied all of the necessary criteria to intervene in this matter. Specifically, the Trustee asserts that (1) it has an interest in these proceedings by virtue of the nature of its role as the United States Trustee;[2] (2) the Trustee intended to oppose Ms. Travis's motion to remove Ms. Fish as the ombudsmen in the

---

[2]The United States Trustee is a Department of Justice official responsible for overseeing and helping to maintain the integrity of the bankruptcy process. *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 212–13 (2024); 28 U.S.C. § 581 *et seq.* Under 11 U.S.C. § 307, "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title."

proceedings below before it was denied by the Bankruptcy Court; (3) although the Trustee did not intervene in the proceedings below, intervention was unnecessary in the Bankruptcy Court because the Court denied Ms. Travis's Motion the day after it was docketed; (4) the Trustee is moving to intervene now so that it can defend the Bankruptcy Court's decision to deny the Motion; and (5) the Trustee needs to participate as a party, rather than an *amicus curiae*, so that it may exercise certain rights only given to parties. [Doc. 5-1 at 5–8].

In her Objection/Motion, appellant Travis argues that although the Trustee represents that he "intended" to oppose Ms. Travis's Motion to Remove, "mere intentions do not satisfy procedural rules ... and [the Trustee] now seeks to bypass standard Appellant [sic] procedure by forcing his way into this appeal at the eleventh hour." [Doc. 8 at 1–2]. In short, Ms. Travis argues that the Trustee has waived its right to intervene in this appeal because it failed to do so in the proceedings below. [Id.].

Here, this Court finds that the Trustee has plainly satisfied the criteria necessary to intervene in this matter. Although the Trustee did not intervene in the proceedings below, it was simply because the Bankruptcy Court denied appellant Travis's Motion to Remove—the same position the Trustee advocates for in these proceedings—before the Trustee had an opportunity to intervene. According to the Bankruptcy Court docket, Ms. Travis's Motion to Remove Ombudsman was entered on May 21, 2026 and the Order denying the same was entered the very next day. [5:25-bk-87, Bankr. N.D. W.Va. (Bissett, B.J.) Docs. 273, 274]. There was also little reason to intervene after the Bankruptcy Court ruled on the Motion because the Trustee agreed with the Bankruptcy Court's ruling.

Finally, the Court finds that the additional argument provided in Ms. Travis's Objection is largely irrelevant to the issue of whether granting intervention is appropriate; therefore, this Court need not address it at this time. *See* [Doc. 8 at 3–13].

For these reasons, the Trustee's Motion to Intervene **[Doc. 5]** is **GRANTED**. Appellant Travis's Objection/Motion **[Doc. 8]** is **DENIED**. The Trustee is hereby **PERMITTED** to intervene in these proceedings as an appellee.

## II.     Motion to Accept

In this Motion, the Trustee moves this Court, pursuant to Rule 8009(f) of the Federal Rules of Bankruptcy Procedure, for an Order accepting under seal certain documents in the appellate record designated by Ms. Travis that were previously sealed in the proceedings held below in the Bankruptcy Court: Bankruptcy Docket Numbers 258 and 273. [Doc. 6 at 1]. The Trustee states that neither of the other parties oppose the Motion. [Id. at 2].

In support of the Motion to Accept Under Seal, the Trustee states that the designated documents—Bankruptcy Docket Nos. 258 and 273—were sealed by the Bankruptcy Court because they contain protected health information. [Doc. 6-1 at 3]. The Bankruptcy Court then ordered that redacted versions of the documents be filed. [Id.]. The Trustee represents in its Motion that the other parties consented to the filing of the Motion. [Id. at 2].

In spite of the Trustee's assertion to the contrary, appellant Travis appears to indeed oppose the Motion to Accept and has filed an Objection and Motion to Deny the United States Trustee's Unauthorized and Untimely Designation of Record and to Declare

Appellee's Loss of Right to Designate Due to Timing Default [Doc. 7]. For purposes of this Order, this Objection/Motion shall hereinafter be referred to appellant Travis's "Response."

In the Response, Ms. Travis argues that the Trustee's Motion is null and void for two (2) primary reasons: (1) the Trustee has not yet been granted leave to intervene and therefore had no right to file the Motion to Designate; and (2) the Trustee missed the 14-day deadline to respond to Ms. Travis's designation of the appellate record. [Doc. 7 at 1–2].

Bankruptcy Rule 8009(f) provides:

(f) Sealed Documents.

(1) In General. A document placed under seal by the bankruptcy court may be designated as a part of the record on appeal. But a document so designated:

(A) must be identified without revealing confidential or secret information; and

(B) may be sent only as (2) prescribes.

(2) When to Send a Sealed Document. To have a sealed document sent as part of the record, a party must file in the court where the appeal is pending a motion to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court, and the bankruptcy clerk must promptly send the sealed document to the clerk of the court where the appeal is pending.

Fed. R. Bank. P. 8009(f).

**A.    This Court has now granted the Trustee's Motion to Intervene; therefore, appellant's non-party status argument is moot.**

Here, although the Trustee perhaps should have—*technically*—waited until its Motion to Intervene was granted and it was formally added as a party to these proceedings before filing the Motion to Accept, this Court finds that the Trustee's actions were, under these circumstances, very reasonable and appropriate. This is particularly true where the at-issue documents contain sensitive protected health information. Ms. Travis's non-party status argument is moot and therefore is not a valid ground to deny the Trustee's Motion to Accept.

**B.    The Trustee is not seeking to designate new items in the appellate record; he is simply seeking to maintain the seal on certain documents already designated by appellant.**

Under Federal Rule of Bankruptcy Procedure 8009(a)(2), an appellee to a bankruptcy appeal has fourteen (14) days after being served with the appellant's designation of the appellate record to file and serve its own "designation of additional items to be included in the record."

Ms. Travis's designation of the appellate record was filed on June 22, 2026. [Doc. 4 at 4–5]. The Trustee's Motion to Accept was filed on July 8, 2026 [Doc. 6], which is sixteen (16) days later.

Ms. Travis argues that, because the Motion to Accept was filed past the 14-day deadline, appellee Fish waived her rights to designate any items to be included in the appellate record and the Trustee "cannot unilaterally cure her default." [Doc. 7 at 2].

Here, Ms. Travis's Objection is premised upon a fundamental misunderstanding of the nature of the Trustee's Motion to Accept. The Trustee's Motion to Accept does not

seek to designate any items in addition to Ms. Travis's designated record; the Trustee simply seeks to preserve the seal that the Bankruptcy Court already placed on two (2) documents in the proceedings below that appellant Travis, *herself*, has designated as part of the appellate record. *See* [Doc. 6-1 at 1 ("the Acting United States Trustee ... seeks and order ... authorizing two documents that Appellant Sharon Travis designated be included in the record appeal, but that the bankruptcy court has ordered sealed, to be transmitted to and to be accepted by this Court under seal." )]. Accordingly, the 14-day deadline cited by Ms. Travis in support of her Objection is simply inapplicable to the instant circumstances.

For these reasons, Ms. Travis's Objection and Motion to Deny [**Doc. 7**] is **DENIED**. After review of the Trustee's Motion to Accept [**Doc. 6**] and the rationale therefor, this Court finds good cause to **GRANT** the same.

## CONCLUSION

The Trustee's Motion to Intervene [**Doc. 5**] is **GRANTED**. Appellant Travis's Motion/Objection to Deny Motion to Intervene as Appellee [**Doc. 8**] is **DENIED/OVERRULED**.

The Motion to Accept Under Seal [**Doc. 6**] is **GRANTED**. Appellant Travis's Motion/Objection to Deny Designation of Record [**Doc. 7**] is **DENIED/OVERRULED**. The Court hereby **AUTHORIZES** the transmission of **Bankruptcy Docket Nos. 258 and 273 (5:25-bk-87 Bankr. N.D. W.Va.)** to be transmitted and accepted as part of the record on appeal **UNDER SEAL**.

It is so **ORDERED**.

The Clerk is further directed to mail copies of this Order to appellant and appellee

at their addresses as listed on the docket and to transmit an electronic copy to the United

States Trustee via CM/ECF.

**DATED:** July _____**9**_____, 2026.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE